

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| ALTON ROBINSON | § |
| | § |
| **Plaintiff,** | § |
| | § |
| VS. | § |
| | § |
| AETNA LIFE INSURANCE COMPANY | § |
| | § |
| **Defendant.** | § |



CIVIL ACTION NO. AO 4 CA371 SS

### NOTICE OF REMOVAL OF CIVIL ACTION

Aetna Life Insurance Company ("Aetna"), Defendant in a civil action pending in state court, files this Notice of Removal of a civil action brought by Plaintiff Alton Robinson ("Plaintiff"). The grounds in support of this Notice of Removal are as follows:

1.      **The State Court Action.**  Plaintiff filed his Original Petition (hereinafter referred to as "Complaint") on or about May 18, 2004, in the 21st Judicial District Court of Bastrop County, Texas, under cause number 24878 ("State Court Action").[1]  Plaintiff named Aetna Life Insurance Company as the Defendant.

2.      Aetna was served with or otherwise received a copy of the Complaint on May 25, 2004.[2]  In order to avoid the entry of a default judgment in the State Court Action, Aetna filed its Motion to Transfer Venue and Original Answer Subject Thereto in the State Court Action on June 18, 2004.[3]

---

[1]      A true and correct copy of the Plaintiff's Original Petition, along with Plaintiff's Requests for Disclosure, is attached as Exhibit A.

[2]      A true and correct copy of the Citation with the executed Affidavit of Service is attached as Exhibit B.

[3]      A true and correct copy of Defendant's Motion to Transfer Venue and Original Answer Subject Thereto is attached as Exhibit C.

3. **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b)**. This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b) because the State Court Action is being removed within the thirty day period after Aetna was served with or otherwise received a copy of the Complaint.

4. **Plaintiff's Claims Arise Under the Laws of the United States.** Plaintiff's State Court Action may be removed to this Court because it arises under the laws of the United States. Specifically, Plaintiff asserts claims against Aetna under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974, including 29 U.S.C. § 1132(a)(1)(B), to recover benefits available under an employee welfare benefit plan.[4] Additionally, the state law claims asserted by Plaintiff relate to an ERISA plan and are completely preempted by ERISA's civil enforcement scheme codified at 29 U.S.C. § 1132(a).[5] Accordingly, this court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and the matter is one that may be removed pursuant to 28 U.S.C. § 1441(a) and (b) and controlling case law.[6]

5. **Complete Diversity of Citizenship Confers Jurisdiction.** Additionally, and in the alternative, this matter may be removed to this Court because it is one involving a controversy wholly between citizens of different states, and the matter in controversy exceeds the

---

[4]    See Plaintiff's Original Complaint at ¶ VIII.

[5]    See *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56-57 (1987); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) ("Section [1132], by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action.").

[6]    See *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987) (holding state court action asserting only state law causes of action relating to alleged failure to pay a claim for benefits under an employee benefit plan constitutes a federal question and is removable to federal court); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 439 (5th Cir. 2003) (quoting *Metropolitan Life Ins.*, 481 U.S. at 58) ("[S]tate law actions displaced by the civil enforcement provisions of ERISA can be characterized as claims arising under federal law [and] such actions can properly be removed to federal court even though ERISA preemption does not appear on the face of the complaint.").

sum of $75,000.00, exclusive of interest and costs. Therefore, this is a civil action of which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

6.      Specifically, Plaintiff alleges in his Complaint that he "is a resident of Paige, Bastrop County, Texas, and was a resident of Bastrop County, Texas, at the time of the events making the basis of this lawsuit accrued."[7]  Based on information and belief, at the time the State Court Action was filed and as of the time of filing this Notice of Removal, Plaintiff continues to reside in Bastrop County, Texas and to be a citizen of the State of Texas.

7.      Plaintiff also alleges in his Complaint that Aetna is "an insurance corporation duly organized and legally formed under the laws of Connecticut."[8]   Indeed, Aetna is a corporation that was incorporated in the State of Connecticut and had its principal place of business in the State of Connecticut at the time the State Court Action was filed.  As of the date of this Notice of Removal, Aetna continues to be incorporated in and have its principal place of business in the State of Connecticut.  Aetna did not have its principal place of place of business in the State of Texas and was not incorporated in the State of Texas at the time of the filing of the State Court Action or at the time of the filing of the Notice of Removal.  Therefore, this controversy is between citizens of different states.

8.      Furthermore, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, because Plaintiff's Complaint states that "*the*

---

[7]      *See* Plaintiff's Original Complaint at ¶ III.

[8]      *Id.*

*damages sought by Plaintiff exceed One Hundred Fifty-Five [Thousand Dollars] ($155,000.00),* exclusive of attorneys fees, interest and court costs."[9]

9. **Notice Filed in the State Court.** Promptly after filing this Notice of Removal, written notice thereof will be given to Plaintiff and a copy of this Notice of Removal will be filed with the District Clerk of Bastrop County, Texas, as provided by law.[10]

WHEREFORE, Aetna Life Insurance Company prays that the State Court Action be removed to the United States District Court for the Western District of Texas, Austin Division.

Respectfully submitted,

BY: _____

JOHN B. SHELY
State Bar No. 18215300
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

OF COUNSEL:
ANDREWS KURTH LLP
and
DIMITRI ZGOURIDES
State Bar No. 00785309

ATTORNEY-IN-CHARGE FOR DEFENDANT
AETNA LIFE INSURANCE COMPANY

---

[9]      *Id.* at ¶ X (emphasis added).

[10]     A true and correct copy of the Notice being filed with the District Clerk of Bastrop County, Texas is attached hereto as Exhibit D.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been delivered to Plaintiff's counsel by certified mail, return receipt requested, on the 23rd day of June, 2004, addressed as follows:

Lonnie Roach
Bemis, Roach & Reed, L.L.P.
4100 Duval Road, Building One
Suite 200
Austin, Texas 78759

John B. Shely

# CIVIL DOCKET

CASE NO. *24,878*

| NUMBER OF CASE | NAMES OF PARTIES | | ATTORNEYS | KIND OF ACTION AND PARTY DEMANDING JURY | DATE OF FILING |
|---|---|---|---|---|---|

*24,878*

NUMBER OF CASE: *Callow Robinson*

vs

*Cefone Life Insurance Company*

ATTORNEYS — PLTF: *Lonnie Roach*

DEFT:

KIND OF ACTION: *Civil Contract, etc.*

DATE OF FILING — MONTH: *5*  DAY: *18*  YEAR: *04*

FEE BOOK — VOL. / PAGE

DATE OF ORDERS — MONTH / DAY / YEAR

ORDERS OF COURT

JURY FEE, $ / PAID BY / JURY NO

MINUTE BOOK — VOL. / PAGE

PROCESS

I, the undersigned Clerk of District and County Court at Law Courts for Bastrop County, Texas, do certify that the foregoing is a true and correct copy of the original document now on file and record in my office.

WITNESS my hand and seal of said Court this _19th_ day of _June_ 2004.

Cathy Smith, Clerk of Courts

By _____

Deputy

No. *24,878*

| ALTON ROBINSON | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | OF BASTROP COUNTY, TEXAS |
| | § | |
| AETNA LIFE INSURANCE COMPANY | § | 21st JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ALTON ROBINSON, Plaintiff herein, and files this Original Petition against AETNA LIFE INSURANCE COMPANY, and in support thereof would show the following:

I.

Pursuant to T.R.C.P. 190.1, Plaintiff asserts that this case is to be governed by the Level 3 discovery plan.

II.

Venue is appropriate in this County pursuant to §15.032 of the Texas Civil Practice and Remedies Code.

III.

Plaintiff is a resident of Paige, Bastrop County, Texas, and was a resident of Bastrop County Texas, at the time of the events making the basis of this lawsuit accrued.

Defendant, AETNA LIFE INSURANCE COMPANY (hereinafter referred to as "Aetna") is an insurance corporation duly and legally formed under the laws of Connecticut, which does business in the State of Texas, and may be served with citation herein by serving its registered agent, CT Corporation, 350 North St. Paul Street, Dallas, Texas 75201, pursuant to V.A.T.S. Ins. Code art. 1.36 and 15.14, or by sending a copy of the petition by registered or certified mail, return receipt



FILED 8:00 A M
DATE 5-18-04
[illegible]
District Clerk, Bastrop County

requested, <u>WITH DELIVERY RESTRICTED TO THE ADDRESSEE ONLY</u>, pursuant to Tex.R.Civ.P. 106(a)(2).

IV.

All conditions precedent to any recovery herein have been performed or have occurred.

V.

It has become necessary to bring this suit due to the failure of Aetna to honor its insurance agreement with Plaintiff, which is identified as the Galzer's Wholesale Drug Company, Inc.Group Long Term Disability Plan, Policy No.L-394690, and resulting violations of the Texas Insurance Code, arising out of Aetna's failure to pay a claim properly submitted by Plaintiff.

VI.

Aetna entered into an insurance contract with Plaintiff, providing long term disability payments coverage to Plaintiff. Plaintiff became disabled from his regular occupation on or about March 16, 2002. Plaintiff is permanently disabled from his occupation. Although Aetna processed Plaintiff's claim, and began making disability payments to Plaintiff, Aenta stopped making disability payments to Plaintiff, even though it's contract required said payments to continue. Aenta breached its insurance contract with Plaintiff, requiring Plaintiff to file this action.

VII.

The evidence will show at the time of trial that Plaintiff entered into a contract with Defendant, Aenta , wherein, Aenta provided long term disability payments coverage. The evidence will show that Plaintiff fully complied with all terms of the contract, and properly submitted his claim for benefits to Defendant. However, Defendant, Aenta , refused to honor said claim. The facts stated above give rise to the following causes of action:

1. **Breach of Contract**. The conduct described above constitutes a breach of the long term disability payments coverage insurance policy; that is, Plaintiff has incurred a covered loss, which should have been compensated by his insurer. Defendant has failed to perform its obligations under the contract, by failing to pay claims submitted.

2. **Texas Insurance Code, Article 21.55 Violations**. Plaintiff properly submitted a claim to Defendant, which began to pay disability payments on or about November 30, 2003. Defendant discontinued paying Plaintiff disability benefits required to be paid by the insurance contract. Defendant failed to timely provide all of its reasons for the rejection of Plaintiff's claim within the applicable deadlines established by Article 21.55 §3, and failed to pay the claims within the applicable deadlines established by Article 21.55 §3. Defendant further failed to request additional information within the applicable deadlines established by Article 21.55 §2. All of these violations entitle Plaintiff to his damages, eighteen (18%) percent interest per annum on his damages, and attorneys fees under Article 21.55 §6.

3. **Texas Insurance Code Article 21.21 Violations.** Defendant's conduct described above violates Article 21.21 §4 (10).

## VIII.

In the alternative, should the Court rule Plaintiff's state law claims are pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. §1144(a), then Plaintiff will show he is entitled to recover under the civil enforcement provision of ERISA, specifically including 29 U.S.C. §1132(a)(1)(b). Plaintiff would show that he is a participant or beneficiary of a plan issued or administered by Aetna, and he is entitled to recover benefits due to him under the terms of the plan. Plaintiff brings this action to recover said benefits, to enforce his rights under the terms of the plan, to clarify his rights to future benefits under the terms of the plan, and to obtain other appropriate equitable relief.

IX.

The conduct described in this petition was a producing and proximate cause of damage to Plaintiff.

X.

The damages sought by Plaintiff exceed One Hundred Fifty Five ($155,000.00), exclusive of attorneys fees, interest and court costs. This amount exceeds the minimum jurisdictional limits of this Court.

XI.

Plaintiff is entitled to recover damages under the policy, statutory penalties under Article 21.55 of the Texas Insurance Code, treble damages under Article 21.21 of the Texas Insurance Code, and attorneys fees and expenses under Article 21.21, and Article 21.55 of the Texas Insurance Code, and §38.001 (a) of the Texas Civil Practices and Remedies Code and benefits recoverable under the civil enforcement provisions of ERISA, for which amounts he now brings suit.

XII.

Plaintiff prays that the Court award costs and reasonable and necessary attorneys fees which are equitable and just under §37.009 of the Texas Civil Practices and Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear herein, and that on final trial, Plaintiff recover his damages, treble damages, statutory additional damages, benefits under his plan, and attorneys fees and costs incurred in prosecuting this suit, as well as prejudgment and post-judgment interest at the highest lawful rate, costs of court, and for such further general relief as warranted by the attending facts and circumstances.

Respectfully submitted,

BEMIS, ROACH & REED, L.L.P.
4100 Duval Road, Building One
Suite 200
Austin, Texas 78759
(512) 454-4000
(512) 453-6335 (fax)

By:_____
    LONNIE ROACH
    State Bar No. 16967600

No. 24,878

| | | |
|---|---|---|
| **ALTON ROBINSON** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **OF BASTROP COUNTY, TEXAS** |
| | § | |
| **AETNA LIFE INSURANCE COMPANY** | § | **21st JUDICIAL DISTRICT** |

## PLAINTIFF'S REQUESTS FOR DISCLOSURE

TO:    Aetna Life Insurance Company, via service of Plaintiff's Original Petition.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service of this Request, the information or material described in Rules 194.2(a)-(k).

Respectfully submitted,

BEMIS, ROACH & REED, L.L.P.
4100 Duval Rd., Bldg. 1, Suite 200
Austin, Texas  78759
(512) 454-4000
(512) 453-6335 (facsimile)

By: _____
Lonnie Roach

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a copy of the foregoing has been served along with Plaintiff's Original Petition.

FILED 8:00 A M
DATE 5-18-04
*Cathy Smith*
District Clerk, Bastrop County

LAW OFFICES OF

# Bemis, Roach & Reed
L.L.P.

LLOYD E. BEMIS III * †
LONNIE ROACH *
GREG REED *

4100 Duval Road, Building I, Suite 200
Austin, Texas 78759
(512) 454-4000

FAX (512) 453-6335

Board Certified
  * Personal Injury Trial Law
  † Consumer & Commercial
  Law

May 13, 2004

Ms. La Nelle Hibbs
PO Box 770
Bastrop, Texas 78602

     RE:    Cause No. 24818; Alton Robinson vs. Aetna Life Insurance Company; in the
District Court of Bastrop County, Texas.

Dear Ms. Hibbs:

     Enclosed is the original and two copies of Plaintiff's Original Petition for filing.  Also
enclosed is a copy of Plaintiff's Request For Disclosure, to be attached to the Original Petition for
service.  Please file the petition in your usual manner,  stamp the extra copies and return them to me
in the enclosed pre-addressed, stamped envelope which I have enclosed for your convenience along
with the citation that has been prepared, and attached to the Request for Disclosure.

     Also enclosed is a check in the amount of $183.00 to cover the cost of filing the Original
Petition and for issuance of citation.

     Thank you for your usual courtesies in this matter.

               Sincerely,

               Rebecca Besa
               Legal Assistant to
               Lonnie Roach

rb
Enclosures

FILED 8:00 A M
DATE 5-18-04
*Cathy Smith*
District Clerk, Bastrop County

CITATION
Personal Service

THE STATE OF TEXAS

To AETNA LIFE INSURANCE COMPANY,BY SERVING ITS REGISTERED AGENT CT
CORPORATION
   350 NORTH ST.PAUL STREET
   DALLAS,TEXAS 75201


DEFENDANT, in the hereinafter styled and numbered cause:

YOU ARE HEREBY COMMANDED to appear before the 21ST DISTRICT Court of
Bastrop County, Texas, to be held at the courthouse, 804 Pecan,
Bastrop,Texas 78602, of said County in the City of BASTROP, BASTROP
County, Texas, by filing a written answer to the Petition Of Petitioner at
or before 10:00 A.M. of the Monday next after the expiration of 20 days
after the the date of services hereof, a copy of which accompanies this
citation, in cause number 24,878 styled:


ALTON ROBINSON, Plaintiff
vs. AETNA LIFE INSURANCE COMPANY, Defendant

filed in said court on the 18TH day of MAY   2004.

Petitioner is represented by:
LONNIE ROACH
4100 DUVAL RD.BLDG.1,SUITE 200
AUSTIN,TEXAS 78759

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the
19TH day of MAY , 2004.

                           CATHY SMITH
                           District Clerk, Bastrop County
                           P.O. Box 770
                           Bastrop, Texas 78602
                           By:_____
                                   DEPUTY
                NOTICE

You have been sued. You may employ an attorney. If you or your attorney do
not file a written answer with the clerk who issued this citation by 10:00
a.m. on the Monday next following the expiration of twenty days after you
were served this citation and petition, a default judgment may be taken
against you.

                       OFFICER'S RETURN
Came to hand the ___24th___ day of
___MAY___,20 _04_,at _4:00_ o'clock _P_ .M., and executed the _____day
of _____,20____,at_____o'clock____.M., by delivering to the
within named _____at
                  in_____County,Texas, in
person, a true copy of this INSTRUMENT and tendering said witness the sum
of$_____.
FEES: $_____.

                       _____
                       Officer or Authorized Person
                       _____ County, Texas

FILED 8:00 A.M.
DATE 6-4-04
Cathy Smith
District Clerk, Bastrop County

# AFFIDAVIT OF SERVICE

Came to hand on the **24th** day of **May** , 2004, at **4:00 o'clock** pm.
Cause No. **24,878**

Executed at            **350 N. St Paul Street**            **Dallas, Texas  75201**
within the County of **Dallas** at _____ o'clock _____ on the **25th** day
of **May** , 2004, by delivering to the within named:

**AETNA LIFE INSURANCE COMPANY,**
**by delivering to its Registered Agent, C.T. CORPORATION SYSTEM,**

by      Certified      Mail,      Return      Receipt      Requested,

**Receipt No. 7160-3901-9844-3021-8253**

**a    true    copy    of    this Citation, together with Plaintiff's Original**
**Petition, and Request for Disclosure, having first attached such copy of such**
**citation to such copy of the pleadings.**

I am not a party to or interested in the outcome of the suit referenced above.
I am authorized by written order to serve citation and other notices. I am not
less than eighteen (18) years of age.

Service Fee $50.00

| |
|---|
| ALTON ROBINSON |
| |
| Plaintiff |
| |
| V. |
| AETNA LIFE INSURANCE COMPANY |
| |
| Defendant |

By: _____
**Scott L. Thomas**
(Authorized Person)

**THOMAS PROCESS**
809 Rio Grande Street
Suite 103
Austin, Texas  78701
(512) 320-8330

## VERIFICATION

STATE OF TEXAS          §
COUNTY OF TRAVIS        §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared
**Scott L. Thomas** , known to me to be the person whose name
is subscribed to the foregoing document and, being by me first duly sworn,
declared that the statements therein contained are true and correct.
    Given under my hand and seal of office this 2nd day of
June , A.D., 2004.

_____
NOTARY PUBLIC, STATE OF TEXAS



J R KEYTON
MY COMMISSION EXPIRES
November 3 2007

22959/Robinson

7160 3901 9844 3021 8253

COMPLETE THIS SECTION ON DELIVERY

| Received by (Please Print Clearly) | B. Date of Delivery |
|---|---|
| MAY 2 5 2004 | |

C. Signature

X   CT CORPORATION

☐ Agent
☐ Addressee

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

**3. Service Type   CERTIFIED MAIL**

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

1. Article Addressed to:

Aetna Life Insurance Company
Reg. Agent, C.T. CORPORATION SYSTEM
350 N. St Paul Street
Dallas, Texas  75201

Reference Information

59

Roach

rm 3811, July 2001          Domestic Return Receipt

( CITATION ;
Personal Service

THE STATE OF TEXAS

To AETNA LIFE INSURANCE COMPANY, BY SERVING ITS REGISTERED AGENT CT
CORPORATION
    350 NORTH ST.PAUL STREET
    DALLAS,TEXAS 75201


DEFENDANT, in the hereinafter styled and numbered cause:

YOU ARE HEREBY COMMANDED to appear before the 21ST DISTRICT Court of
Bastrop County, Texas, to be held at the courthouse, 804 Pecan,
Bastrop,Texas 78602, of said County in the City of BASTROP, BASTROP
County, Texas, by filing a written answer to the Petition Of Petitioner at
or before 10:00 A.M. of the Monday next after the expiration of 20 days
after the the date of services hereof, a copy of which accompanies this
citation, in cause number 24,878 styled:


ALTON ROBINSON, Plaintiff
vs. AETNA LIFE INSURANCE COMPANY, Defendant

filed in said court on the 18TH day of MAY   2004.

Petitioner is represented by:
LONNIE ROACH
4100 DUVAL RD.BLDG.1,SUITE 200
AUSTIN,TEXAS 78759

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the
19TH day of MAY , 2004.

                          CATHY SMITH
                          District Clerk, Bastrop County
                          P.O. Box 770
                          Bastrop, Texas 78602
                          By:_____
                                        DEPUTY
                    NOTICE

You have been sued. You may employ an attorney. If you or your attorney do
not file a written answer with the clerk who issued this citation by 10:00
a.m. on the Monday next following the expiration of twenty days after you
were served this citation and petition, a default judgment may be taken
against you.
                    OFFICER'S RETURN
Came to hand the _____day of_____
_____,20_____,at_____ o'clock____.M., and executed the _____day
of_____,20____,at_____o'clock____.M., by delivering to the
within named _____ at
                          in_____County,Texas, in
person, a true copy of this INSTRUMENT and tendering said witness the sum
of$_____.
FEES: $_____.
                          _____
                          Officer or Authorized Person
                          _____ County, Texas

Registered Service

THE STATE OF TEXAS

To AETNA LIFE INSURANCE COMPANY, BY SERVING ITS REGISTERED AGENT CT
CORPORATION
    350 NORTH ST.PAUL STREET
    DALLAS,TEXAS 75201

DEFENDANT, in the hereinafter styled and numbered cause:

YOU ARE HEREBY COMMANDED to appear before the 21ST DISTRICT Court of
Bastrop County, Texas, to be held at the courthouse, 804 Pecan,
Bastrop,Texas 78602, of said County in the City of BASTROP, BASTROP
County, Texas, by filing a written answer to the Petition Of Petitioner at
or before 10:00 A.M. of the Monday next after the expiration of 20 days
after the the date of services hereof, a copy of which accompanies this
citation, in cause number 24,878 styled:

ALTON ROBINSON, Plaintiff
vs. AETNA LIFE INSURANCE COMPANY, Defendant

filed in said court on the 18TH day of MAY  2004.

Petitioner is represented by:
LONNIE ROACH
4100 DUVAL RD.BLDG.1,SUITE 200
AUSTIN,TEXAS 78759

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the
19TH day of MAY , 2004.

                  CATHY SMITH
                  District Clerk, Bastrop County
                  P.O. Box 770
                  Bastrop, Texas 78602
                  By:_____
                         DEPUTY

              NOTICE

You have been sued. You may employ an attorney. If you or your attorney do
not file a written answer with the clerk who issued this citation by 10:00
a.m. on the Monday next following the expiration of twenty days after you
were served this citation and petition, a default judgment may be taken
against you.

                  OFFICER'S RETURN
Came to hand the _24th_ day of
_MAY_____,20_04_,at _4:00_ o'clock _P_.M., and executed the _____ day
of_____,20____,at_____ o'clock_____.M., by delivering to the
within named _____ at
                       in_____County,Texas, in
person, a true copy of this INSTRUMENT and tendering said witness the sum
of $_____.
FEES: $_____.

                  Officer or Authorized Person
                  _____ County, Texas

Certified Article Number

7160 3901 9844 3021 8253

SENDERS RECORD

DELIVERED ON:
5 1 04
BY _____

NO. 24878

| | | |
|---|---|---|
| ALTON ROBINSON | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| VS. | § | BASTROP COUNTY, TEXAS |
| | § | |
| AETNA LIFE INSURANCE COMPANY | § | |
| | § | |
| **Defendant.** | § | 21ST JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO TRANSFER VENUE
## AND ORIGINAL ANSWER SUBJECT THERETO

Aetna Life Insurance Company ("Aetna"), Defendant in the above-numbered and entitled cause, files this motion to transfer venue and original answer subject thereto to Plaintiff's Original Petition filed by Alton Robinson and in support thereof, respectfully alleges the following:

### Motion to Transfer Venue

1.      Introduction.  Although Plaintiff filed this action in Bastrop County, none of the factual allegations in Plaintiff's Petition, even if true, would show that venue is proper in Bastrop County, Texas.  In fact, under the general venue rule of the Texas Civil Practices and Remedies Code, Bastrop County is not a proper venue.  Instead, Dallas County is a proper venue, and this action should be transferred there accordingly.

2.      Venue Is Not Proper In Bastrop County.  Under Texas Civil Practices and Remedies Code § 15.002(a), this suit must be brought in either: (1) the county where all or a substantial part of the events giving rise to the claim occurred; or (2) the county of the defendant's principal office in Texas.  Aetna denies that all or a substantial part of the alleged events giving rise to this lawsuit occurred in, and that Aetna has its principal office in Texas in,

Bastrop County, Texas. Furthermore, Aetna specifically denies any assertion or allegation in Plaintiff's Petition, if any, that would indicate venue is proper in Bastrop County.

3.    While Plaintiff's claims against Aetna are based on Aetna's termination of Plaintiff's long term disability ("LTD") benefits allegedly due under the terms of an employee welfare benefit plan, the administration of claims for this plan did not occur in Bastrop County, Texas. Thus, Bastrop County is not where the alleged events giving rise to Plaintiff's claims in this lawsuit occurred. Additionally, Bastrop County is not the location of any principal office in Texas.

4.    Venue Is Proper In Dallas County, Texas. Aetna's principal office in Texas in Dallas County, Texas.[1]   Therefore, under the general venue rule, venue is proper in Dallas County, Texas, where, *inter alia*, Aetna's principal office is located.

5.    Alternatively, Dallas County is a county of proper venue to which this case should be transferred in the interest of convenience and justice, and the balance of interest of all parties predominates in favor of the action being brought in that county. Moreover, a transfer of venue to Dallas County will not work as a hardship or injustice on any party. Accordingly, this case should be transferred to Dallas County under TEX. CIV. PRAC. REM. CODE § 15.002(b).

### Original Answer

6.    Subject to its motion to transfer venue, Aetna asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, reserving the right to amend its pleadings subsequently to present its special exceptions to the Petition, its affirmative defenses, its special denials, other pleas and defenses, and its own claims.

---

[1]    While Aetna Life Insurance Company's principal office in the State of Texas is in Dallas County, Texas, Aetna is a Connecticut corporation with its principal place of business in the State of Connecticut.

WHEREFORE. PREMISES CONSIDERED. Defendant Aetna Life Insurance Company prays that upon final hearing the Court enter judgment that Plaintiff take nothing and that it be awarded its costs of court and such other and further relief to which it may be justly entitled.

Respectfully submitted.

ANDREWS KURTH LLP

BY: _____
JOHN B. SHELY
State Bar No. 18215300
DIMITRI ZGOURIDES
State Bar No. 00785309
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

ATTORNEYS FOR DEFENDANT
AETNA LIFE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been delivered to Plaintiff's counsel by certified mail, return receipt requested, on the _____ day of June, 2004, addressed as follows:

Lonnie Roach
Bemis, Roach & Reed, L.L.P.
4100 Duval Road, Building One
Suite 200
Austin, Texas 78759

_____
John B. Shely

HOU 2321159 1

NO. 24878

| ALTON ROBINSON | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | BASTROP COUNTY, TEXAS |
| | § | |
| AETNA LIFE INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | 21ST JUDICIAL DISTRICT |

## NOTICE OF REMOVAL OF STATE COURT ACTION

TO:   Plaintiff Alton Robinson, by and through his attorney of record, Lonnie Roach, Bemis, Roach & Reed, L.L.P., 4100 Duval Road, Building One, Suite 200, Austin, Texas 78759.

You are hereby notified that on the ___ day of June, 2004, a Notice of Removal of Civil Action, a true and correct copy of which is attached hereto, was filed in the United States District Court for the Western District of Texas, Austin Division.  The Notice of Removal was filed in reference to Cause No. 24878; *Alton Robinson v. Aetna Life Insurance Company*, then pending in the 21st Judicial District Court of Bastrop County, Texas.

Respectfully submitted,

ANDREWS KURTH LLP

BY: _____

JOHN B. SHELY
State Bar No. 18215300
DIMITRI ZGOURIDES
State Bar No. 00785309
600 Travis Street, Suite 4200
Houston, Texas 77002
(713) 220-4200
(713) 220-4285 (Fax)

ATTORNEYS FOR DEFENDANT
AETNA LIFE INSURANCE COMPANY

HOU:2321332.1

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been delivered to Plaintiff's counsel by certified mail, return receipt requested, on the *23rd* day of June, 2004, addressed as follows:

> Lonnie Roach
> Bemis, Roach & Reed, L.L.P.
> 4100 Duval Road, Building One
> Suite 200
> Austin, Texas 78759

John B. Shely