UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2005 MR 21  PM 4: 32
WESTERN DISTRICT OF TEXAS
U.S. CLERK'S OFFICE
BY:_____ DEPUTY

| | | |
|---|---|---|
| ALTON ROBINSON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. A:04CV371-SS |
| | § | |
| AETNA LIFE INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

JOHN B. SHELY
State Bar No. 18215300
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Telecopier: (713) 220-4285

ATTORNEY-IN-CHARGE FOR DEFENDANT
AETNA LIFE INSURANCE COMPANY

OF COUNSEL:
ANDREWS KURTH LLP
    and
DIMITRI ZGOURIDES
State Bar No. 00785309
    and
EDWARD A. CAVAZOS
State Bar No. 00787223
111 Congress Avenue, Suite 1700
Austin, Texas  78701
Telephone: (512) 320-9279
Telecopier: (512) 542-5202

## I. INTRODUCTION

In its Motion for Summary Judgment (the "Motion"), Defendant Aetna Life Insurance Company ("Aetna") showed that it is entitled to summary judgment in this suit arising out of its termination of Plaintiff Alton Robinson's ("Robinson") LTD benefits under the Glazer Plan. Plaintiff's Response to Defendant's Motion for Summary Judgment (the "Response") does not show otherwise.

Robinson's chief argument is that he is unable to drive an automobile which, he contends, renders him totally disabled from any gainful employment as a sales representative. In making this argument, Robinson challenges Aetna's interpretation of the Glazer Plan by arguing that the term "own occupation" under the Plan's definition of total disability should be limited to Robinson's ability to perform his specific *job* at Glazer and not his ability to perform the material duties of his *occupation* as a sales representative in the general economy, as the Plan is interpreted by Aetna.

Robinson's argument fails, however, because Aetna's interpretation of the Plan when it terminated his benefits is legally correct. Indeed, the Fifth Circuit has repeatedly held that when an administrator's interpretation of plan terms is legally sound, there can be no abuse of discretion as a matter of law. As discussed in detail in its Motion, Aetna correctly applied the terms of the Plan when it determined that *even if* Robinson is limited in his ability to drive an automobile, such limitation does not disable Robinson from performing the material duties of the occupation of sales representative in the general economy. Therefore, Aetna's determination was legally correct, and under the deferential standard of review that must be applied in this case, Aetna's decision to terminate Robinson's benefits cannot be reversed because it is certainly not arbitrary or capricious in any event.

## II. AETNA'S RESPONSE TO ROBINSON'S OBJECTION TO APPENDIX TAB B

As part of the Appendix in Support of its Motion for Summary Judgment (the "Appendix"), Aetna attached documents reflecting certain provisions of U.S. Department of Labor's Dictionary of Occupational Titles ("DOT"). Contrary to Robinson's assertion in his Response, Aetna does not represent that these documents are part of the Administrative Record. Rather, Aetna attached these documents simply to demonstrate the reasonableness of its interpretation of the Glazer Plan (which is indeed part of the Administrative Record)[1] in light of the U.S. Department of Labor's standards. Thus, his objection is without merit.

## III. ARGUMENT AND AUTHORITIES

To be eligible for LTD benefits under the Glazer Plan, Robinson must establish that he is unable to perform the material duties of his own occupation as a sales representative[2] in the general economy. Unable to do so, Robinson takes issue with Aetna's interpretation of the Plan's definition of "totally disabled;" that is, Robinson contends that the material duties of the occupation of sales representative should be limited to the individualized requirements set by his particular employer, and not by the material duties required of a sales representative in the general economy.

---

[1]   *See* Appendix, Ex. 4, A00085-86.

[2]   Robinson's employer, Glazer's Wholesale Drug Company, specifically listed Robinson's job title as "Sales Representative," not "Field Sales Representative" as Plaintiff incorrectly states in his Response. *See, e.g.*, Appendix, Ex. 4, A00101; A000127. Likewise, Robinson did not apply for LTD benefits as a "Field Sales Representative" either. *Id.* at 00096.

A.   **Aetna's Interpretation Of The Glazer Plan Is Reasonable And Is Not An Abuse Of Discretion**

Under the terms of the Glazer Plan, Aetna is vested with the authority to interpret the terms of the Plan.[3] As such, the Court's review of Aetna's interpretation is under the abuse of discretion standard.[4] The Fifth Circuit has repeatedly held that "[i]f the administrator's interpretation of the plan is legally correct, then the inquiry ends because no abuse of discretion could have occurred."[5] For this analysis, the plan's language is preeminent.[6]

The Glazer Plan defines "Total Disability" as "You are deemed to be totally disabled while you are not able, solely because of injury or disease, to perform the material duties of your *own occupation*."[7] As reflected in the Administrative Record, Aetna reasonably interpreted "own occupation" under the Plan to mean Robinson's ability to perform the material duties of a sales representative in the general economy, not his ability to perform employer-specific assignments required for his particular job with Glazer.[8] Courts have routinely held that Aetna's interpretation of "own occupation" by a claims administrator is not an abuse of discretion.[9]

---

[3]   *See* Appendix, Ex. 1, A00013 ("Aetna shall have the discretionary authority to . . . construe any disputed or doubtful terms of this policy.")

[4]   *MacLachlan v. ExxonMobil Corp.*, 350 F.3d 472, 478 (5th Cir. 2003).

[5]   *Vercher v. Alexander & Alexander Inc.*, 379 F.3d 222, 227 (5th Cir. 2004) ("If the administrator's construction is legally sound, then no abuse of discretion occurred and the inquiry ends."); *see also Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 270 n.17 (5th Cir. 2004); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 608 (5th Cir. 1998) ("A determination that a plan administrator's interpretation is legally correct pretermits the possibility of abuse of discretion.").

[6]   *Aboul-Fetouh v. Employee Benefits Comm.*, 245 F.3d 465, 472 (5th Cir. 2001).

[7]   *See* Appendix, Ex. 3, A00031 (emphasis added).

[8]   *See* Appendix, Ex. 4, A00085.

[9]   *See, e.g.*, *Gerhold v. Avondale Indus., Inc.*, No. Civ.A. 02-3386, 2004 WL 602778, at *11 (E.D. La. March 23, 2004); *Ehrensaft v. Dimension Works Inc. LTD Plan*, 120 F. Supp. 2d 1253, 1259 (D. Nev. 2000); *Ceasar v. Hartford Life*, 947 F. Supp. 204, (D.C.S.C. 1996).

Accordingly, Aetna's interpretation of "own occupation" under the Plan is legally correct, and, in any event, is reasonable, and therefore not an abuse of discretion as a matter of law.[10]

### B. Robinson Is Not Disabled Under The Terms Of The Plan And The Previous Payment Of Benefits To Him Does Not Change This Result

Aetna's conclusion that driving an automobile is not a material duty of the occupation of sales representative in the general economy is certainly reasonable, as is demonstrated by the DOT. Ignoring the reasonableness of this conclusion, Robinson alleges, however, that his particular employer required him to drive 800 to 1000 miles per week, and that driving should therefore be considered a material duty of the occupation of sales representative. Under Robinson's flawed reasoning, it would be the employer, **not the plan administrator**, who would – for the purposes of administering disability benefits – determine the material duties of the occupation of sales representative. As previously noted, "[t]o accept Plaintiff's argument that total disability means that a person cannot physically do some specifically assigned task, would permit employers and employees to arrange for some physically impossible task which the employee is unable to perform and then, based on that inability, declare the employee totally disabled."[11] Robinson is not disabled from the occupation of sales representative in the general economy.

Furthermore, the fact that Aetna paid Robinson LTD benefits for over a year does not change this result. As recently recognized by the Fifth Circuit in *Ellis v. Liberty Life Assurance Company*, a plan does not incur the burden of showing a change in a claimant's condition in

---

[10] Robinson's claim that Aetna's interpretation of "sales representative" would include "part-time clerk at a clothing retailer" is colorful, but not more than that. There is no evidence that Aetna considered Robinson's occupation of sales representative to be the equivalent to a retail sales position, let alone a part-time position. Indeed, that Aetna excluded such positions from its consideration shows that Aetna adopted a reasonable understanding of the term.

[11] *See Ehrensaft*, 120 F. Supp. 2d at 1259.

order to justify a termination of his benefits.[12] A contrary holding, the Court reasoned, would prohibit a plan administrator from terminating benefits if it later discovered that the claimant was not disabled at the time of the initial grant of benefits.[13] Here, regardless of Aetna's initial determination (which, if anything, inured to the benefit of Plaintiff in that he received benefits for over a year), Aetna's conclusion that Plaintiff is not disabled from the occupation of sales representative is legally correct, and certainly not an abuse of discretion. This is the decision at issue in this lawsuit, and Plaintiff's claim therefore fails.

## IV. CONCLUSION

As shown in Aetna's Motion for Summary Judgment, Robinson's claim for relief from Aetna's decision to terminate his LTD benefits fails as a matter of law. Under ERISA principles, Aetna's determination that Robinson was not disabled from work as a sales representative under the terms of the Glazer Plan may not be disturbed because Aetna's decision was legally and factually correct under the terms of the Plan, and Aetna did not abuse its discretion as a matter of law. Accordingly, Aetna is entitled to summary judgment.

WHEREFORE ALL PREMISES CONSIDERED, Aetna prays that the Court grant its Motion for Summary Judgment in its entirety and dismiss all of Robinson's claims against it with prejudice, and Aetna prays for such other and further relief to which it may be justly entitled.

---

[12] *Ellis*, 394 F.3d at 274; *see also Hufford v. Harris Corp.*, 322 F. Supp. 2d 1345, 1360 (M.D. Fla. 2004) (citing *Calvert v. Firstar Fin., Inc.*, 266 F. Supp. 2d 578, 586 (W.D. Ky. 2003)).

[13] *Ellis*, 394 F.3d at 274.

HOU 2422636 4

Respectfully submitted,

BY: *John B. Shely* /by permission / *Jeff Jordan*
     #00795968
JOHN B. SHELY
State Bar No. 18215300
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4200
Telecopier: (713) 220-4285

ATTORNEY-IN-CHARGE FOR DEFENDANT
AETNA LIFE INSURANCE COMPANY

OF COUNSEL:
ANDREWS KURTH LLP
and
DIMITRI ZGOURIDES
State Bar No. 00785309
and
EDWARD A. CAVAZOS
State Bar No. 00787223
111 Congress Avenue, Suite 1700
Austin, Texas 78701
Telephone: (512) 320-9279
Telecopier: (512) 542-5202

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing has been delivered to Plaintiff's counsel by certified mail, return receipt requested, on the 21ST day of March, 2005, addressed as follows:

Lonnie Roach
Bemis, Roach & Reed, L.L.P.
4100 Duval Road, Building One
Suite 200
Austin, Texas 78759

*John B. Shely* /by permission/ *Jeff Jordan*
John B. Shely                          #00795968